## THE KING *vs.* YUNG HONG.

QUESTIONS RESERVED BY PRESTON, J.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A statute once specifically repealed is dead.

An Act which made lawful the sale, possession and use of opium under certain licenses, and which in general terms repealed all laws in conflict therewith, previous statutes having prohibited such sale and use, being repealed by a subsequent Act which provided in general terms only that the laws which had been abrogated by the former statute should be revived:

Held, that an Act repealing an Act, and in general terms reviving what had been in general terms repealed therein, conflicted with the just principle and statute that a repealed law shall not be construed to be revived unless it be so clearly expressed.

The statute intended to be revived need not be recited at large, but its title and date of passage should be recited in the reviving Act.

The defendant cannot be held upon a charge based on a repealed statute, not certainly revived by the re-enacting statute.

OPINION OF THE COURT, BY McCULLY, J.

On the 17th of July instant, the defendant's appeal against a conviction by the Police Justice of Honolulu for " having unlawfully in his possession certain opium or a preparation thereof," contrary to Section 3 of the " Act to restrict the importation and sale of opium or the preparations thereof," was heard before myself and a foreign jury, when the defendant was convicted.

At the conclusion of the case for the prosecution, counsel for the defendant requested me to direct the jury to acquit the defendant on various grounds hereinafter set forth, which I refused to do, but under the provisions of Section 834 of the Civil Code, I reserved the same for the consideration of the Full Court.

The questions so reserved are:

1. The law under which this charge is made, Chapter LVI. of the Laws of 1874, as amended by Chapter LXIII. of the Laws of 1876, and Chapter XVIII. of the Laws of 1880, being specifically repealed by the statute of 1886, does the statute Chapter XX. of 1887 in fact re-enact this particular law without specifically mentioning it as being re-enacted?

2. Is a statute once specifically repealed dead? and can it be re-enacted even by an express allegation that it is so re-enacted, without again repeating the statute word for word in the new law?

3. Is Chapter XX., Laws of 1887, certain (in respect to the statutes supposed or attempted to be re-enacted) to the extent of holding a defendant on a charge under the repealed statutes which have not been specifically re-enacted by the new law?

4. Is Chapter XX. aforesaid void for multiplicity in combining a series and variety of laws to be re-enacted without specifying what particular laws are intended to be covered by or included in the re-enacting section?

5. Is Chapter XX. aforesaid unconstitutional under Article 77?

All which questions I report and certify for the consideration of the Full Court.

### BY THE COURT.

In answer to the questions so reserved, or to so many of them as it is necessary to consider: In the case of *The King vs. Young Tang*, April Term, 1887, the Court say of the Act of 1886, Chapter LXXIII.: "It would seem that the effect of this Act is to remove many of the restrictions relating to the importation and sale of opium and its preparations existing at the time the law was enacted. One other person in addition to those persons authorized under the then existing law was authorized, on obtaining a license, to import and sell opium and its preparations for the term of four years upon paying the license fee mentioned in the Act." (*Ante*, page 56.)

The repealing clause of the Act is Section 11 : " All laws and parts of laws in conflict with the provisions of this Act shall be and the same are hereby repealed ; provided, however, that should no license be issued under the provisions of this Act, that then and in such case this Act shall not be deemed to nor shall it repeal Chapter LVI. of the Laws of 1874 as amended by Chapter LXIII. of the Laws of 1876, and Chapter XVIII. of the Laws of 1880."

By this proviso the repeal of the statutes under which the defendant is charged is left contingent upon the non-issue of a license under the provisions of the Act.   There is, however, no authority delegated to the Minister of the Interior to proclaim the repeal of the contingently repealed Act.

The Act of 1887, Chapter XX., enacts that the above-men tioned Act of 1886 is repealed, and that "the several laws and parts of laws thereby repealed are hereby expressly re-enacted." What is re-enacted must be something which has been formerly repealed.   Does it appear that the statutes of 1874–76 and 1880 were repealed (and are now re-enacted) ?   It may be said that the Legislature assumed this by the proviso which follows the repealing clause above cited, that until the expiration, cancella- tion or surrender of the license granted under the Act of 1886, the holder thereof shall be entitled to exercise the rights and privileges granted by said law.

Under the Act of 1886 two descriptions of license are contem- plated, for Section 7 says :   In addition to the license prescribed by Section 2 of this Act, it shall be incumbent upon any person or persons desiring to purchase or use opium that they obtain a license from the Marshal or his deputy : which license, shall it be said, the Legislature assumed to have been issued ?   Or how many licenses are unexpired and outstanding ?   Or is an assumption by the Legislature that any license was issued, a sufficient and ex- press legislative enactment that certain statutes were repealed ?

Our Code, by Section 20, provides that the repeal of any law shall not be construed to revive any other law which has been repealed, unless it be so clearly expressed.

Upon the foregoing citations it appears to us that we may hold that it has not been clearly expressed by the Legislature that the statutes we are considering were revived by the Act of 1887: (1) Because there is no express legislative declaration that the provisional repeal by the Act of 1886 had ever eventuated in a repeal: (2) Because the Acts of 1886 and of 1887, in referring to the issue of a license, do not express whether is intended a license to sell opium or to use opium.

Where a statute is intended to be repealed, its title is generally inserted in the repealing Act, and therefore the repeal of a statute is not to be inferred from a general and uncertain allusion to it in a repealing Act. *Chegary vs. Jenkins*, 3 Sand. Sup. C. R., 409. It is a universal principle needing no citation of authority, that penal statutes are to be strictly construed, and this principle may be extended from the construction of statutes to the question of whether a penal statute is in existence by revivor.

Where an Act repeals all laws and parts of laws in conflict therewith, without specifying them, there is an implied repeal of whatever is irreconcilable with the Act.

The same result follows without general repealing words, when a new law contains provisions contrary to or irreconcilable with those of any former law. Civil Code, Section 21. This is called an implied repeal. It may, and often does, touch many previous Acts and parts of Acts. It is a repeal which is implied in the power of every Legislature to enact new laws. *Leges posteriores priores contrarias abrogant.* The new law being published, makes it obligatory on all persons to know its effect in all respects, including the implied repeals. But an Act repealing a repealing Act, and in general terms reviving what had been in general terms repealed, conflicts with a just principle of legislation which is adopted by our statute, Section 20 of the Civil Code, viz.: " The repeal of any law shall not be construed to revive any other law which has been repealed, unless it be so clearly expressed." In order to clearly express that an Act is so revived, it must be clearly stated what is the Act or Acts re-

enacted, which cannot well be done by less than a recitation of the title and date of approval.

2. "Is a statute, once specifically repealed, dead?"

Statutes which have been repealed (except so far as they relate to transactions already completed under them) become as if they had never existed. Broom's Legal Maxims, p. 31; *Stevenson vs. Oliver*, 8 M. & W., 241; *Surtees vs. Ellison*, 9 B. & C., 752.

The remainder of the second question we have partially answered at the conclusion of the answer to question one. We are not prepared to say that after an Act has been once published, it is necessary to re-publish it when it is re-enacted by its title.

The substance of the third and fourth questions we have treated in our reply to the first, and it will be unnecessary, in the view which we have taken, to consider the fifth, the question of unconstitutionality.

We hold, for the reasons expressed, that the defendant is charged under an Act which is not in legal existence.

*A. P. Peterson* (Deputy Attorney-General), for the Crown.

*V. V. Ashford*, for defendant.

---

### CONCURRING OPINION OF DOLE, J.

The first four questions reserved are based upon the assumption that the Opium Law of 1874, with its subsequent amendments, was repealed by the Opium Law of 1886; I need not, therefore, consider the question of the fact of such repeal, and the more especially as this Court, in the case of *The King vs. Young Tang*, has directly passed upon it in the following words: (*Ante*, page 59.) "The part of the Act of 1874, dealing with the matter of the possession of opium, is in conflict with that part of the Act of 1886 which refers to the same subject, and is to this extent repealed, as Section 11 of the Act of 1886 enacts that all laws and parts of laws in conflict with the provisions

of this Act shall be and the same are hereby repealed." This leaves me free to consider directly the questions reserved.

Section 20 of the Civil Code enacts that "the repeal of any law shall not be construed to revive any other law which has been repealed, unless it be so clearly expressed." The Act of 1886 repeals all laws and parts of laws in conflict with itself, excepting, however, the law of 1874, with its amendments, from the operation of the repealing clause, unless the Act of 1886 should take effect by the issue of a license under its provisions. This is a contingent repeal of a law, and is consequently uncertain in its expression. Chapter XX. of the Laws of 1887 declares that "the several laws and parts of laws" repealed by the Act of 1886 are re-enacted, with the proviso, however, "that until the expiration, cancellation, or surrender of the license granted" under the Act of 1886, the holder thereof shall be entitled to exercise the rights and privileges granted by the same. This is a contingent re-enactment, and, as a statutory declaration, is equally uncertain with the repealing clause of the Act of 1886; nor does it give definiteness to such repealing clause except by its tacit assumption that a license had been issued under the Act of 1886.

Under this showing of the words of the statute, I do not find that there has been a clear expression of an enactment reviving the law of 1874, in accordance with Section 20 of the Civil Code. The operation of the re-enacting clause was made contingent upon a private business arrangement of a citizen, and the public cannot be held to know whether or not such arrangement ever took place, or when it may have taken place.

I therefore answer the first and third questions in the negative, and as these conclusions sufficiently dispose of the matter at issue, it is unnecessary for me to take up the points submitted in the other reserved questions.